UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PRIXIE MONTGOMERY, ET AL.**  CIVIL ACTION

**VERSUS**  NO: 12-1728
c/w: 12-1851
12-2623

**CLEAR CHANNEL BROADCASTING, INC.**  SECTION: "I" (4)

**ORDER**

Before the Court is Plaintiff, Prixie Montgomery, et al.'s, ("Montgomery") **Plaintiff's Motion to Compel Responses to First Set of Discovery (R. Doc. 57)**, which seeks an order from the Court compelling Defendant, Clear Channel Broadcasting, Inc.'s, ("Clear Channel") to respond to Montgomery's discovery requests. The Motion is opposed (R. Doc. 66), and Montgomery has submitted a Reply (R. Doc. 81).[1] The Motion was heard by oral argument on Wednesday, August 14, 2013.

**I.  Background**

This is a Title VII case brought by Plaintiffs Montgomery, Ave Gaines, ("Gaines") and Lela Logan, ("Logan"). The Plaintiffs allege that they are African-American former sales account managers

---

[1] Clear Channel has also submitted an "objection and opposition," to Montgomery's Motion for Leave to File a Reply. However, Clear Channel's filing was untimely as it was made two days prior to the expedited hearing date, and Clear Channel never moved the Court for leave to file the same. Therefore, its merits are not considered here.

for Clear Channel, who were subjected to disparate treatment and compensation structure on account of their race, as well as for unlawful retaliation. On August 9, 2013, the presiding U.S. District Judge entered an Order of Dismissal as to all claims brought by Plaintiffs Gaines and Logan; this left only Plaintiff Montgomery in the suit. (R. Doc. 72).[2] Montgomery's Title VII allegations are for unlawfully terminating her employment in retaliation for filing an EEOC Complaint, but do not current extend to allegations of Title VII disparate treatment. (R. Doc. 1, p. 5).[3] As to the instant motion, Montgomery seeks an Order from the Court requiring Clear Channel to produce more sufficient responses to previously propounded discovery requests. The Motion is opposed.

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is

---

[2]Gaines and Logan's actions were numbered 12-1851 and 12-2623, respectively.

[3]Montgomery's original EEOC Complaint, which alleges that Clear Channel unlawfully discriminated against her on the basis of race, is still pending before the Agency and is not at issue in the instant lawsuit.

2

unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 34 further provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B).

Finally, Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34." Rule 37(a)(3)(B). Rule 37 further requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(1).

### III. Analysis

#### A. Scope of Motion - Rule 37(a) Conference

In support of her underlying Motion, Montgomery argues that she propounded Rule 34 requests

3

for production of documents on June 12, 2013. (R. Doc. 57-1, -p. 1). Montgomery then argues that she wrote a letter to Clear Channel on July 22, 2013, stating that Clear Channel's discovery responses were unsatisfactory and requesting a conference in connection with the same. In particular, Montgomery cited Requests for Production Nos. 1, 18, 22, 23, 24, 25, 26, 27, and 28, as well as No. 14, which was "incomplete as well as non-searchable native format for emails and text messages." (R. Doc. 57-4, p. 1). Montgomery argues that a "meeting" was held later that afternoon. (R .Doc. 57-1, p. 1).

On July 23, 2013, Clear Channel sent a letter to Montgomery, outlining its responses to Request for Production Nos. 14, 20, and 21, but not otherwise responding to the requests explicitly raised in Montgomery's July 22, 2013 letter. (R. Doc. 57-4, p. 1).

Montgomery's underlying Motion now requests that the Court order production of Requests Nos. 1, 15, 16, 18, 19, 22, 23, 24, 25, 26, 27, 28, 31 and 14, as well as "Answers to Interrogatories," without further specification in either her Motion or her supporting documents. (R. Doc. 57-1, p. 2; 57-4, p. 1).[4] The Court notes that the majority of these discovery requests were not explicitly referenced in Montgomery's July 22, 2013 letter to Clear Channel. *See* (R. Doc. 57-1, p. 2; 57-4, p. 1).

In its Opposition, Clear Channel points out that the parties never conferred as to Requests Nos. 15, 16, 19, or 31. (R. Doc. 66, p. 2). Since it was not afforded a prior opportunity to address these alleged deficiencies prior to Montgomery's filing of the Motion, Clear Channel argues that the motion was filed "in bad faith." *Id.*

Here, it is at best unclear that the Rule 37 conference conducted by the parties addressed all

---

[4]None of Montgomery's Rule 33 Interrogatories, propounded at the same time as her Rule 34 requests, were specifically raised in either her Motion or at oral argument. As Montgomery has failed at any point to specify which of these are in fact deficient, the Court considers them to be abandoned to the degree Montgomery sought to raise them.

4

of the issues arising in connection with this Motion. At oral argument, Montgomery raised several requests which were not explicitly made part of Montgomery's Rule 37 notification - Nos. 15, 16, 19, 20 and 21, and Clear Channel did not contest procedural propriety of raising these issues even though they were apparently not addressed at the conference. Therefore, the Court will consider those discovery requests either referenced in Montgomery's Rule 37 notification, or raised by the parties at oral argument.

### B. Specific Discovery Requests

#### 1. Request for Production Nos. 14, 20, 21[5]

Plaintiffs' Request Nos. 14, 20, and 21 demanded production of both information, as well as the information in native format.

> **REQUEST FOR PRODUCTION NO. 14:** Please produce any and all electronic documents in native format which contain any Plaintiff's full name, first name, last name, initials as reference in either the subject or message/text field from 2007 through present.
>
> **RESPONSE:** Defendant objects to Request No. 14 on the basis it seeks confidential information. Defendant further objects to the request on the basis it is vague, ambiguous and overbroad and unduly burdensome. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will produce documents responsive to the request upon the entry of the confidentiality agreement by the Court.

(R. Doc. 57-3, p. 14).

Montgomery's Motion does not assert any particular arguments in support of her entitlement

---

[5]As noted above, Montgomery expands the scope of her Motion to include several additional Requests not included in her July 22, 2013 letter to Clear Channel. These include Requests Nos. 20 and 21. However, the Court notes that in Clear Channel's July 23, 2013 letter memorializing the outcome of the parties' status conference, Clear Channel indicated the number of "hits" received for Plaintiffs' Requests for Production Nos. 20 and 21. Moreover, Clear Channel did not explicitly include Request Nos. 20 and 21 in the list of requests for which it argues were not discussed at the parties' Rule 37 conference. Because consideration of Nos. 20 and 21 was not specifically contested by Clear Channel at oral argument, these two Requests are analyzed below.

5

to discovery, beyond a request that the information be provided in "native format." Clear Channel's opposition argues that they have specifically responded with the following document productions: "CCB-000001 to 00233 Plaintiffs' personnel files; CCB-000277 to 000598 Plaintiffs' EEOC files; CCB-001311 to 01775 Supervisor and HR files pertaining to Plaintiffs." (R. Doc. 66, p. 6).

> **REQUEST FOR PRODUCTION NO. 20:** Please produce in native format all emails to, cc, or from Ave Gaines that involved the terms "budget", "quotes", "quota", "Advisory", "Board" and "percent" during the relevant time period.
>
> **RESPONSE:** Defendant objects to Request No. 20 on the basis it seeks confidential information. Defendant further objects to the request on the basis it is vague, ambiguous and overbroad. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will produce relevant documents upon the entry of the confidentiality agreement by the Court.

(R. Doc. 57-3, p. 16). Clear Channel does not specifically respond to this request, but its response to the Rule 37 conference indicates that 3,584 "hits" were returned in a computer search query. (R. Doc. 57-5, p. 1).

> **REQUEST FOR PRODUCTION NO. 21:** Please produce in native format all emails containing the terms "budget", "quotes", "quota", "Advisory", "Board" and "percent" during the relevant time period.
>
> **RESPONSE:** Defendant objects to Request No. 21 on the basis it seeks confidential information. Defendant further objects to the request on the basis it is vague, ambiguous and overbroad. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will produce relevant documents upon the entry of the confidentiality agreement by the Court.

(R. Doc. 57-3, p. 17). Clear Channel does not specifically respond to this request, but its response to the Rule 37 conference indicates that 229,626 "hits" were returned in a computer search query. (R. Doc. 57-5, p. 1).

At oral argument, Montgomery contended generally that for Requests Nos. 14, 20, and 21, it had requested documents for these three requests in native format, which had not been produced.

In opposition, Clear Channel argued that it had produced a list of the number of "hits" which had occurred as a result of modified search terms at the Rule 37 conference. Clear Channel argued that after entering a confidentiality agreement with Montgomery, it produced some of the responsive documents via email. It subsequently produced additional responses to Montgomery by hand-delivering on a compact disc to Montgomery's counsel, Evan Williams, during a deposition, and then by hand-delivering a mailing a copy of the disc to Montgomery's other counsel, Dale Williams, at a subsequent deposition on July 24, 2013.[6] Montgomery could not state whether the contents of the two discs had actually been investigated or not.

The Court found that because Montgomery could not state whether the contents of the discs had actually been investigated, Clear Channel had satisfied its production obligations by delivering its responses via email and on the compact discs. Accordingly, it sustained Clear Channel's objection and denied Montgomery's Motion to Compel as to Requests for Production No. 14. Since no distinct arguments were made as to Nos. 20 and 21, but finding that the three requests were argued together by Montgomery, the Court also sustains Clear Channel's objections as to Nos. 20 and 21, and denies Montgomery's motion to compel.

    **2.**    **Request for Production Nos. 22, 23, 24, 25, 26, 27, 28**

        **a.**    **Request for Production No. 22**

**REQUEST FOR PRODUCTION NO. 22:** Please produce copies of all "AE Performance Review" forms and associated documents for each Plaintiff for every

---

[6] According to Clear Channel, the disc was hand-delivered to Evan Williams, who was at the time an attorney of record for Montgomery. Montgomery has since filed a motion to withdraw Evan Williams as an attorney of record in the case. (R. Doc. 83). Neither party indicated at oral argument the date at which the original disc had been hand-delivered to Evan Williams.

>year including and between 2003-2013.
>
>**RESPONSE:** Defendant objects to Request No. 22 on the basis it is overbroad. Subject to and without waiving the foregoing objections, please see the performance reviews contained in the personnel files of Plaintiffs attached.

(R. Doc. 57-3, p. 17).

Montgomery's Motion does not assert any particular arguments in support of her entitlement to discovery. In its Reply, Montgomery claims that they "apparently concede" that they have failed to produce responsive documents. (R. Doc. 81, p. 5). Clear Channel's opposition argues that they have specifically responded with the following document productions: "CCB-000001 to 00233 Plaintiffs' personnel files; CCB-001311 to 01775 Supervisor and HR files pertaining to Plaintiffs." (R. Doc. 66, p. 7).

At oral argument, Montgomery argued that the request for performance reviews were relevant to establish that Montgomery performed her job adequately. She also contended that because the pivotal period in the case occurred in 2009, she needed performance reviews dating back to 2003. In opposition, Clear Channel argued that it had already produced Montgomery's personnel file on July 12, 2013, which contained all of the relevant performance reviews. Clear Channel also contended that it had produced Montgomery's supervisor's files on July 24, 2013. According to Clear Channel, the supervisor's files were contained on the disc which they had hand-delivered to Montgomery, which Montgomery had not inspected.

The Court found that the request, as stated, was overbroad, sustained Clear Channel's objection, and denied Montgomery's discovery request.

### b. Request for Production Nos. 23 and 26

**REQUEST FOR PRODUCTION NO. 23:** Please produce copies of all "AE Performance Review" forms for Michael Masson for every year including and between 2003-2013.

8

> **RESPONSE:** Defendant objects to Request No. 23 on the basis it seeks confidential information. Defendant further objects to the request on the basis it is vague, ambiguous and overbroad. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will produce any performance improvement plans for Michael Masson for 2010 and 2011.

(R. Doc., 57-3, p. 17).

Montgomery's Motion does not assert any particular arguments in support of her entitlement to discovery. In its Reply, Montgomery claims that they "apparently concede" that they have failed to produce responsive documents. (R. Doc. 81, p. 5). Clear Channel's opposition argues that they have specifically responded with the following document productions: "Producing 2009-2012."

(R. Doc. 66, p. 7).

> **REQUEST FOR PRODUCTION NO. 26:** Please produce copies of all "AE Performance Review" forms for Michael Cagowski [sic] for every year including and between 2003-2013.
>
> **RESPONSE:** Defendant objects to Request No. 26 on the basis it seeks confidential information. Defendant further objects to the request on the basis it is vague, ambiguous and overbroad. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will produce any performance improvement plans for Michael Cegielski for 2010 and 2011.

(R. Doc. 57-3, p. 18).

Montgomery's Motion does not assert any particular arguments in support of her entitlement to discovery. In its Reply, Montgomery claims that they "apparently concede" that they have failed to produce responsive documents. (R. Doc. 81, p. 5). Clear Channel's opposition argues that they have specifically responded with the following document productions: "Producing 2009-2012." (R. Doc. 66, p. 7).

At oral argument, Montgomery argued that in seeking the performance reviews of Michael Masson (No. 23), and Michael Cagowski (No. 26) she was trying to establish the "network of associations" in the Clear Channel office, and that the personnel records of both Masson and Cagowski were relevant to that effect.

In opposition, Clear Channel argued that Montgomery's requests for the performance reviews of Masson and Cagowski were relevant to the claims of Gaines and Logan, who had both been dismissed. Although Gaines and Logan had not been dismissed from the suit at the time the production was due, Clear Channel argued that they had been "close" to resolving all of the claims of those two individuals at that time. Clear Channel also argued that the performance reviews of these two employees were irrelevant, because their "relationship" between Montgomery was that Masson had been slapped by Montgomery in the workplace, and Cagowski was the individual who witnessed the slapping.

The Court found that to the degree Montgomery's requests for the performance reviews of Masson and Cagowski were relevant, they should be disallowed to the degree the information requested from each party pertained to the claims originally brought by Gaines and Logan. The Court found that there was a disconnect between the assault in the workplace and the performance reviews which Montgomery sought. Therefore, it sustained Clear Channel's objection and denied Montgomery's discovery request.

### c. Request for Production Nos. 24 and 25

**REQUEST FOR PRODUCTION NO. 24:** Please produce copies of all "AE Performance Review" forms for Sandy Garcia for every year including and between 2003-2013.

**RESPONSE:** Defendant objects to Request No. 24 on the basis it seeks confidential information. Defendant further objects to the request on the basis it is vague,

> ambiguous and overbroad. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence.
>
> **REQUEST FOR PRODUCTION NO. 25:** Please produce copies of all "AE Performance Review" forms for Melissa Bev [sic] for every year including and between 2003-2013.
>
> **RESPONSE:** Defendant objects to Request No. 25 on the basis it seeks confidential information. Defendant further objects to the request on the basis it is vague, ambiguous and overbroad. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence.

(R. Doc. 57-3, p. 18) (brackets in original).

Montgomery's Motion does not assert any particular arguments in support of her entitlement to discovery of Requests Nos. 24 and 25, which are the performance reviews of Sandy Garcia (No. 24) and Melissa Bev (No. 25). In its Reply, Montgomery claims that they "apparently concede" that they have failed to produce responsive documents. (R. Doc. 81, p. 5). Clear Channel's opposition objects to the production of documents responsive to both requests on the basis of relevance. (R. Doc. 66, p. 7).

At oral argument, Montgomery argued that the performance reviews of Garcia and Bev were relevant because they would demonstrate that Garcia's performance reviews had changed considerably after she received some of Montgomery's accounts.

In opposition, Clear Channel pointed out that this information was not relevant to the instant suit now that Plaintiffs Gains and Logan had been dismissed, because Montgomery's cause of action was not for Title VII discrimination, but instead for retaliation. Specifically, Clear Channel contends that Montgomery has filed two administrative complaints with the EEOC, on May 2, 2011 and May 11, 2011. *Id.* at 3. Her May 2 Charge pertained to discrimination based on a disparate impact theory; her May 11 Charge alleged retaliation. *Id.* Clear Channel argues that Montgomery's

May 2, 2011 Charge is still pending before the EEOC, and thus only Montgomery's retaliation charges are presently relevant for purposes of discovery. *Id.* at 3-4. As such, "her claim for damages can only be based upon what she was earning at the time of her termination - not any alleged disparate impact damages arising out of her first charge of discrimination for which earning records from 2006, 2007 or 2012 would pertain." *Id.* at 4. Clear Channel also argued that it had been "close" to resolving all of the claims of those two individuals at the time discovery had been propounded.

After listening to the argument of the parties and considering the posture of the current case, the court sustains Clear Channel's relevancy objection, and denies Montgomery's motion to compel as to this request.

### d.      Request for Production No. 27

> **REQUEST FOR PRODUCTION NO. 27:** Please produce searchable electronic detailed financial statements for every year including and between 2007 through present for the New Orleans and Baton Rouge markets listed by account representative, with categories noted for local, national, agency, ecommerce/internet with account details sufficient to monitor financial progression of each account. These reports should include information on subsidiaries, mergers, acquisitions, new products (such as "iHeart Radio").
>
> **RESPONSE:** Defendant objects to Request No. 27 on the basis it seeks confidential and proprietary information. Defendant further objects to the request on the basis it is burdensome, vague, ambiguous and overbroad, and is not reasonably limited in scope and time. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will produce account, revenue and earnings records of the account executives in the New Orleans market from 2008 to 2011.

(R. Doc. 57-3, p. 19).

Montgomery's Motion does not assert any particular arguments in support of her entitlement to discovery. Her Reply argues that "no response" has been received. (R .Doc. 81, p. 6). Clear

Channel's opposition argues that they have specifically responded with the following document productions: "Producing 2007 to 2012." (R. Doc. 66, p. 8).

Montgomery argued during the hearing that the information requested was relevant to the allegations in the suit because in order to meet her *prima facie* burden of retaliation, she was required to show that she had a good faith basis to bring her EEOC charge. In opposition, Clear Channel argued that on July 24, 2013 it had produced data related to the shift in Montgomery's accounts.

The Court sustained the objection of Clear Channel, denied Montgomery's motion to compel, and found that the data regarding shifts in Montgomery's accounts was sufficient for Montgomery to demonstrate a good faith basis to file her EEOC complaint for purposes of her retaliation charge. Moreover, since Clear Channel had produced the information and Montgomery could not dispute receipt of the requested information, the production satisfied the request.

### e. Request for Production No. 28

**REQUEST FOR PRODUCTION NO. 28:** Please produce copies of W2s for any persons replacing each Plaintiff or any person assuming any account formerly held by each and every Plaintiff since 2007, which includes but is not limited to Michael Masson, Michael Cagowski [sic], Sandy Garcia, Melissa Bev [sic], Beth D'Aquin.

**RESPONSE:** Defendant objects to Request No. 28 on the basis overbroad and seeks confidential information. Defendant further objects on the basis it is not reasonably limited in scope and time. Subject to and without waiving the foregoing objections, no one directly replaced any of Plaintiffs. Defendant will produce the W-2s of the New Orleans market account executives from 2008 to 2011 upon the entry of the confidentiality order by the court.

(R. Doc. 57-3, p. 19) (brackets in original).

Montgomery's Motion does not assert any particular arguments in support of her entitlement to discovery. In her Reply, Montgomery concedes that "some discovery" has been made, but argues that "it is difficult to believe that the accounts handled by Plaintiffs were 'let go', with that revenue

stream abruptly ending with their departure." (R. Doc. 81, p. 5). Clear Channel's opposition argues that they have specifically responded with the following document productions: "No one replaced Plaintiffs; CCB-000666-000786 W-2s for NOLA AEs 2008 to 2011." (R. Doc. 66, p. 8).

To the degree Montgomery's request sought additional data to support her allegation that her accounts had been shifted to non African-American account executives, the request pertained more directly to Montgomery's Title VII disparate impact claim still pending before the EEOC, rendering the request premature. The Court then found that Clear Channel's production to date was sufficient for purposes of the current suit.

### 3. Requests Nos. 15, 16, 19

Montgomery expands the scope of her Motion to include several additional Requests not included in her July 22, 2013 letter to Clear Channel. Three of these requests are Nos. 15, 16, and 19. (R. Doc. 57-1, p. 2; 57-4, p. 1). Clear Channel has opposed consideration of these requests, noting that they were not explicitly referenced in Montgomery's Motion. (R. Doc. 66, p. 2). Although there is no evidence or concession that these responses were actually discussed at the parties' Rule 37 conference, Clear Channel failed to contest the fact that they were raised at oral argument.

> **REQUEST FOR PRODUCTION NO. 15:** Please produce any and all documents (handwritten, electronic or print), writings, transcripts, affidavits, or other recordings that pertain to the changes in territory management, account assignment, or other information that pertains to the changes in account management during the years 2010-2011.
>
> **RESPONSE:** Defendant objects to Request No. 15 on the basis it seeks confidential information. Defendant further objects to the request on the basis it is vague, ambiguous and overbroad. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents upon the entry of the confidentiality order by the Court.

(R. Doc. 57-3). In its Reply, Montgomery argues that the request has had "no production." (R. Doc. 81, p. 3). Clear Channel's opposition argues that they have specifically responded with the following document productions: "CCB-001127 to 001224 AE policies, procedures, plans and tools; CCB-001776 to 002619 Leads assignments." (R. Doc. 66, p. 6).

Montgomery argued during the hearing that No. 15 pertained to documents regarding the re-assignment of accounts to another Clear Channel employee. In opposition, Clear Channel argued that it had produced some documents, including: assignments of "leads," some of the supervisor's files as to how the "leads" were distributed, as well as hand-written notes of supervisors related to the assignment of "leads," on July 24, 2013. Clear Channel also contended that upon dismissal of Logan and Gaines, the documents sought to be produced were no longer relevant.

The Court sustained Clear Channel's objection as to No. 15. In so doing, the Court noted that counsel for Montgomery was in no position to refute the receipt of the rested information.

> **REQUEST FOR PRODUCTION NO. 16:** Please produce documents pertaining to Clear Channel job performance standards and bonus calculations methodology in place during the tenure of each of the Plaintiffs.
>
> **RESPONSE:** Defendant objects to Request No. 16 on the basis it seeks confidential information. Defendant further objects to the request on the basis it is vague, ambiguous and overbroad. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objections, please see the Employee Code of Conduct and Employee Guide attached. Defendant will produce revenue and earnings records pertaining to Plaintiffs upon the entry of the confidentiality agreement by the Court.

(R. Doc. 57-3). Montgomery's Reply argues that there has been "no production." (R. Doc. 81, p. 3). Clear Channel's opposition argues that they have specifically responded with the following document productions: "CCB-001127 to 001224 AE policies, procedures, plans and tools." (R. Doc. 66, p. 6).

Montgomery argued during the hearing that all that Clear Channel had produced was a "code of conduct" which she had in her possession since the beginning of the lawsuit. In opposition, Clear Channel argued that it had produced documents relative to its policies, procedures, plans, and account executive tools as to how performance bonus methodologies were calculated. After execution of the protective order referenced in Clear Channel's objection, Clear Channel then produced the W2's for the account executives for 2010 and 2011. Clear Channel also stated that it had produced documents which would have been used to calculate performance bonuses - i.e., supervisor's "tools," outlines, agendas, power points, which had been produced in electronic form on the disc which had been delivered to Montgomery's counsel on July 24, 2013.

The Court found that because Clear Channel claimed to have produced the documents on July 24, 2013, and that Montgomery had failed to actually read these documents, Clear Channel's objection was sustained.

> **REQUEST FOR PRODUCTION NO. 19:** Please produce any and all documentation from the Advisory Board (of which Plaintiff Gaines was a member) for the year 2011, including but not limited to policies, procedures, directives, suggested changes to process, notes, emails pertaining to any subject discussed at the meetings of 2011, or information dissemination regarding policies/procedures issued as a result of discussions held.
>
> **RESPONSE:** Defendant objects to Request No. 19 on the basis it seeks confidential information. Defendant further objects to the request on the basis it seeks information that is immaterial to the underlying litigation and is not likely to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will produce relevant documents from the Advisory Board in its possession upon the entry of the confidentiality agreement by the Court.

(R. Doc. 57-3). Montgomery's Reply argues that there has been "no production." (R. Doc. 81, p. 3). Clear Channel's opposition argues that they have specifically responded with the following document productions: "CCB-001225 to 001229 Advisory Board Emails." (R. Doc. 66, p. 7).

During oral argument, Montgomery argued that Clear Channel had failed to produce any

responsive documents. In opposition, Clear Channel contended that it had produced "what it had uncovered" on the discs previously delivered to Montgomery's counsel on July 24, 2013. Moreover, Clear Channel argued that the request was targeted to the now-dismissed claims of Logan and Gaines.

The Court noted that there was a relevancy problem due to the dismissal, and moreover Montgomery could not state that she did not have the documents because she had simply failed to review what had been produced to her on July 24, 2013. Therefore, the Court sustained Clear Channel's objection and denied the request.

### 4. Requests Not Re-Urged at Oral Argument: Nos. 1, 18, 31

Montgomery's Motion also raised Requests Nos. 1, 18, and 31 in her Motion and Reply (R. Docs. 66, 81), but she failed to sufficiently re-urge them at oral argument. When asked explicitly by the Court at the end of the motion hearing, "is that it?" counsel for Montgomery represented "yes, your honor, I think that was it." Based on this explicit representation by counsel, the Court finds that Requests Nos. 1, 18, and 31, which were not explicitly raised and argued at the August 14, 2013 hearing, are deemed abandoned.

### C. Request of Sanctions

Montgomery also argues that Clear Channel should be ordered to respond in full to her discovery requests and that should Clear Channel fail to comply, sanctions should be imposed. (R. Doc. 57-1, p. 2). Because Montgomery's Motion has been denied, there is no basis to award sanctions against Clear Channel.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, Prixie Montgomery, et al.'s, ("Montgomery") **Plaintiff's**

**Motion to Compel Responses to First Set of Discovery (R. Doc. 57)** is **DENIED**.

New Orleans, Louisiana, this 20th day of August 2013.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**